

**CHIESA SHAHINIAN & GIANTOMASI PC**

ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

csglaw.com

**BRIAN H. FISCHKIN**
bfischkin@csglaw.com
(O) 973.530.2106
(F) 973.325.1501

March 29, 2022

<u>**VIA ECF**</u>

Hon. Michael A. Hammer, U.S.M.J.
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    Optimum Air Solutions, Inc. v. Arch Insurance Company et al.
               Case No. 2:22-cv-00463-SDW-MAH

Dear Judge Hammer:

      We represent defendant Arch Insurance Company in the above-referenced action, and write with the consent of plaintiff Optimum Air Solutions, Inc. No other parties have appeared to date.

      In accordance with your Order of March 25, 2022, enclosed is a Joint Discovery Plan submitted on behalf of Optimum and Arch.

      Respectfully submitted,

      <u>*/s/ Brian H. Fischkin*</u>

      BRIAN H. FISCHKIN

cc:    Scott C. Levenson, Esq. (via ECF)

Enclosure

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OPTIMUM AIR SOLUTIONS, INC., | |
| Plaintiff, | Civil Action No. 2:22-cv-00463-SDW-MAH |
| v. | Judge Susan D. Wigenton |
| ARCH INSURANCE COMPANY, HOLLISTER CONSTRUCTION SERVICES, LLC, KIERAN FLANAGAN, AVRAM HOLZER, and HALPERN REALTY CORP. a/k/a 1480 REALTY, LP, | Magistrate Judge Michael A. Hammer |
| | **JOINT PROPOSED DISCOVERY PLAN** |
| Defendants. | |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    - **Plaintiff Optimum Air Solutions, Inc. ("Plaintiff"):**

        o **Scott C. Levenson, Esq., Levenson Law, LLC, 625 West 51st Street, New York, NY 10019; (347) 352-2470; levensonlawgroup@gmail.com**

    - **Defendant Arch Insurance Company ("Arch"):**

        o **Brian H. Fischkin, Esq., Chiesa Shahinian & Giantomasi PC, One Boland Drive, West Orange, NJ 07052; (973) 325-1500; bfischkin@csglaw.com**

    - **Other Defendants:**

        o **No other defendants have appeared. The other defendants were added to this action in Plaintiff's complaint filed on March 4, 2022. Plaintiff's counsel has not represented that they have been served.**

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

    **Plaintiff commenced this action as against Arch only, on November 22, 2021, by the filing of a Summons with Notice, in the Supreme Court of the State of New York, New York County. This action was then removed to the United States District Court for the Southern District of New York and then transferred, on consent, to the District of New Jersey.**

**On March 4, 2022, Plaintiff filed its complaint, and named four additional defendants: (1) Hollister Construction Services, LLC ("Hollister"); (2) Kieran Flanagan ("Flanagan"); (3) Avram Holzer ("Holzer"); and (4) Halpern Realty Corp. a/k/a 1480 Realty, LP ("Halpern").**

**This action arises from a construction project located at 1475 Palisades Avenue, Teaneck, New Jersey (the "Project").**

**Plaintiff alleges that: (1) the Project is owned by Halpern; (2) Halpern retained Hollister as the general contractor for the Project; (3) Hollister retained Plaintiff, in turn, as its HVAC subcontractor for the Project; (4) Arch, as surety, issued a Payment Bond on behalf of Hollister; (5) Holzer is the principal of Halpern; (6) Flanagan is the principal of Hollister; and (7) Hollister filed for bankruptcy in September 2019.**

**Plaintiff alleges that it entered into agreements with the defendants in connection with the Project, and that it is owed at least $213,547.00 for its work on the Project.**

**Plaintiff has asserted causes of action for: (1) breach of contract: (2) breach of the implied covenant of good faith and fair dealing; and (3) unjust enrichment.**

**Arch filed its answer on March 25, 2022, in which it asserted seven affirmative defenses. Arch denies any liability to Plaintiff. Arch's defenses to this action include that: (1) Plaintiff's claim, to the extent it may be owed any money, is time-barred under the Payment Bond; (2) there is no independent agreement between Plaintiff and Arch pursuant to which Arch could have any liability; and (3) this Court no longer has jurisdiction over this matter because Plaintiff named Flanagan as a defendant, and Plaintiff alleges Flanagan to be a citizen of the same state as Plaintiff.**

**On March 25, 2022, Plaintiff notified Arch that it intends to amend its complaint by April 1, 2022, to withdraw its claims against Hollister and amend its claims against Arch, Halpern, Holzer, and Flanagan.**

3. Have settlement discussions taken place? **Yes.**

    - What was plaintiff's last demand?

        o **Plaintiff has not made any specific settlement demand to date. Plaintiff's counsel has advised Arch's counsel that Plaintiff intends to make an offer to settle this action, as against Arch only, for an undisclosed amount less than $100,000.**

    - What was defendant's last offer?

        o **Prior to removing this action to federal court, Arch offered Plaintiff the sum of $40,000 in full settlement of this action. Plaintiff declined and has advised Arch that it intends to make a counteroffer (see above).**

4. The parties have not met pursuant to Fed. R. Civ. P. 26(f).

5. The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1).

    - If not, state the reason therefor.

        o **The parties have not yet exchanged the information required by Rule 26 because Plaintiff's counsel advised Arch's counsel telephonically in mid-March 2022, and confirmed in writing on March 25, 2022, that Plaintiff would be amending its complaint by April 1, 2022. The parties jointly request that they be given until April 15, 2022 to make these disclosures in order to conform them to Plaintiff's amended pleading.**

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).

    - **The parties do not anticipate any problems with completing the disclosures but request additional time to conform the disclosures to the allegations in Plaintiff's amended complaint, which Plaintiff will file by April 1, 2022.**

7. The parties have not filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1. **The parties will file these disclosures prior to the scheduling conference.**

8. The parties have not conducted discovery.

9. Proposed joint discovery plan:

    a) Discovery is needed on the following subjects:

    **Discovery is needed on: (1) the alleged formation of any agreements between Plaintiff and the defendants; (2) the extent to which Plaintiff performed under any such agreements and incurred any damages; and (3) Arch's defenses, including, but not limited to, Arch's defense that Plaintiff's claims are time-barred under the Payment Bond.**

    **Jurisdictional discovery may also needed on the citizenship of Flanagan, whom Plaintiff alleges to be a citizen of the same state as Plaintiff.**

    **Discovery may further be needed on any defenses or claims asserted by the defendants who have not yet appeared in this action.**

    **The parties reserve the right to seek discovery on all matters alleged in Plaintiff's forthcoming amended complaint and any responsive pleadings, and upon any legal or factual issues raised as discovery proceeds.**

    b) Discovery should not be conducted in phases or be limited to particular issues, **unless the Court deems it appropriate to have jurisdictional discovery first.**

      c) Proposed schedule:

          1) Fed. R. Civ. P. 26 Disclosures: **April 15, 2022.**

          2) E-Discovery conference pursuant to L. Civ. R. 26.1(d):  **May 16, 2022.**

          3) Service of initial written discovery:  **May 16, 2022, with written responses to be served on or before June 15, 2022.**

          4) Maximum of **25** Interrogatories by each party to each other party.

          5) Maximum of **5** depositions to be taken by each party.

          6) Motion to amend to or to add parties to be filed by: **September 30, 2022.**

          7) Factual discovery to be completed by: **November 30, 2022.**

          8) Plaintiff's expert report due on: **December 30, 2022.**

          9) Defendants' expert report(s) due on: **January 30, 2023.**

          10) Expert depositions to be completed by **February 28, 2023.**

          11) Dispositive motions to be served by **March 31, 2023, but may be filed earlier.**

      d) Set forth any special discovery mechanism or procedure requested. **None.**

      e) A pretrial conference may take place on **a date to be selected by the Court.**

      f) Trial date: **To be selected by the court**.

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? **Yes.**

   If so, please explain. **In light of the current pandemic, absent a Court order or the consent of all parties and all relevant witnesses, the Parties shall conduct depositions by Zoom or by another mutually agreeable video-conferencing platform.**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No.**

12. Do you anticipate entry of a Discovery Confidentiality Order?  *See* L.Civ.R. 5.3(b) and Appendix S.  **No.**

13. Do you anticipate any discovery problem(s) not listed above? **No.**

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e.,

after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **Arch is amenable to mediation as may be acceptable to all parties to this action after Plaintiff files its amended complaint.**

15. Is this case appropriate for bifurcation? **No.**

16. An interim status/settlement conference (with clients in attendance), should be held **when the Court deems it appropriate.**

17. We do not consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

    **Arch requests that the Court address the issue of whether this action may proceed in this Court in light of the fact that Plaintiff added a defendant (Flanagan) to this action whom Plaintiff alleges to be a citizen of the same state (New York) as Plaintiff. In Arch's view, Plaintiff's doing so results in this Court's no longer having diversity jurisdiction over this case.**

Respectfully submitted,

| | |
|---|---|
| **LEVENSON LAW, LLC** | **CHIESA SHAHINIAN & GIANTOMASI PC** |
| By: */s/ Scott C. Levenson* | By: */s/ Brian H. Fischkin* |
| Scott C. Levenson, Esq.<br>625 West 51st Street<br>New York, NY 10019<br>(347) 352-2470<br>levensonlawgroup@gmail.com<br>*Attorneys for Plaintiff*<br>*Optimum Air Solutions, Inc.* | Brian H. Fischkin, Esq.<br>One Boland Drive<br>West Orange, NJ 07052<br>(973) 325-1500<br>bfischkin@csglaw.com<br>*Attorneys for Defendant*<br>*Arch Insurance Company* |

Dated: March 29, 2022

5