UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OPTIMUM AIR SOLUTIONS INC.,** : | Civil Action No. 22-463 (SDW) (MAH) |
| Plaintiff, : | |
| v. : | **REPORT & RECOMMENDATION** |
| **ARCH INSURANCE COMPANY, et al.,** : | |
| Defendants. : | |

**HAMMER, U.S.M.J.**

This matter comes before the Court upon its *sua sponte* consideration of whether there is subject matter jurisdiction over this action, and two Orders to Show Cause. Plaintiff Optimum Air Solutions Inc. has not responded to either Order to Show Cause. For the reasons discussed below, the Undersigned respectfully recommends that this matter be dismissed for lack of subject matter jurisdiction.

**I.   BACKGROUND**

Plaintiff is a corporation organized under the laws of the State of New York, and has its principal place of business in New York. Compl., Mar. 4, 2022, D.E. 19, at ¶ 4. Plaintiff originally filed this matter in the New York State Supreme Court. Defendant Arch Insurance Company removed it to the United States District Court for the Southern District of New York on December 17, 2021. Notice of Removal, Dec. 17, 2021, D.E. 1. On January 31, 2022, the Southern District of New York Court transferred the matter to this Court. Stipulation and Order, Jan. 31, 2022, D.E. 15.

On March 4, 2022, Plaintiff filed the operative Complaint in this matter. Compl., Mar.

1

4, 2022, D.E. 19.  The Complaint raises three state-law causes of action – breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment – and names five Defendants.  *Id.* at ¶¶ 4-9, 25-39.  Those five defendants are as follows: (1) Arch Insurance Company, "a corporation duly organized under the laws of the State of Missouri with a principal place of business in Jersey City, New Jersey;" (2) Hollister Construction Services, LLC ("Hollister"), "a limited liability company duly organized under the laws of the State of New Jersey with a principal place of business in Parsippany, New Jersey;" (3) Kieran Flanagan, "a natural individual residing in New York," who is also Hollister's principal; (4) Avram Holzer, "a natural individual residing in New Jersey," who is also the president of Defendant Halpern Realty Corp.; and (5) Halpern Realty Corp., "a corporation duly organized under the laws of the State of New Jersey with its principal place of business in Teaneck, New Jersey."  *Id.* at ¶¶ 4-9.

Plaintiff alleged that the Court has jurisdiction over this matter based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  *Id.* at ¶ 10.  On March 31, 2022, Plaintiff and Defendant Arch Insurance Company appeared before the Undersigned for a scheduling conference pursuant to Federal Rule of Civil Procedure 16.[1]  That same day, the Undersigned issued a *sua sponte* Order to Show cause stating, in relevant part, "that Plaintiff shall either voluntarily dismiss this action or submit a letter brief of no more than five (5) pages explaining whether and how subject matter jurisdiction exists in this matter by April 14, 2022."  Order to Show Cause, Mar. 31, 2022, D.E. 27, at p. 3.

---

[1] Arch Insurance Company is the only named defendant that has entered an appearance in this matter.  Plaintiff's original complaint filed in New York State Court named only Arch Insurance Company.  *See* Notice of Removal, Dec. 17, 2021, D.E. 1, at ¶¶ 6-11 & Exh. A.  The non-diverse defendant, Kieran Flanagan, was not named until Plaintiff filed the operative Complaint in this matter on March 4, 2022.  Compl., Mar. 4, 2022, D.E. 19, at ¶ 7.

2

Plaintiff failed to respond to the March 31, 2022 Order to Show Cause. To afford Plaintiff a full opportunity to address the jurisdictional issue, the Undersigned entered a second Order to Show Cause on April 18, 2022, directing Plaintiff to "either voluntarily dismiss this action or submit a letter brief of no more than five (5) pages explaining whether and how subject matter jurisdiction exists in this matter by April 26, 2022." Order to Show Cause, April 18, 2022, D.E. 28. To date, Plaintiff has not responded to either of the Court's Orders to Show Cause.

## II.     DISCUSSION & ANALYSIS

"Federal courts are courts of limited jurisdiction," and this Court has an independent and "continuing obligation to assess its subject matter jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418, 420 (3d Cir. 2010) (citing *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977)). Although Arch Insurance removed the original pleading to federal court, when it was the only defendant, Plaintiff's later-filed Complaint asserts federal jurisdiction over all five defendants. Accordingly, Plaintiff is the party invoking this Court's jurisdiction, and bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). .

Diversity jurisdiction under 28 U.S.C. § 1332(a) arises in civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. Since § 1332's enactment, complete diversity of citizenship has been required. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Accordingly, a plaintiff asserting federal subject matter jurisdiction via

diversity of citizenship in a case involving multiple defendants "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states." *Gay v. Unipack, Inc.*, Civ. No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (quoting *Am. Motorists Ins. Co. v. Am. Emps.' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979)). Said differently, complete diversity requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli*, 592 F.3d at 419 (first citing *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 553 (2005); and then citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009)). It is also well-established that in assessing diversity, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Id.* at 420.

Accepting the allegations in the Complaint as true, it is apparent that Plaintiff and Flanagan are both citizens of the State of New York.2  *See* Compl., D.E. 19, at ¶¶ 4, 6. Because Plaintiff shares the same state of citizenship as one of the named defendants, and has failed to carry its burden to establish diversity of jurisdiction between it and Defendant Hollister, the Undersigned must conclude that complete diversity is lacking, and jurisdiction under § 1332(a) does not exist. Additionally, Plaintiff has asserted no federal claims that might give rise

---

2  Hollister Construction Services LLC also appears to be a citizen of New York for purposes of diversity jurisdiction. It is well established that the citizenship of a limited liability company "is determined by the citizenship of [each of] its members." *Zambelli Fireworks Mfg. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). The Complaint alleges that Hollister is incorporated in Missouri and maintains its principal place of business in Parsippany, New Jersey. Compl., D.E. 19, at ¶ 6. The Complaint does not provide the citizenship of each member of Hollister, but does allege that Flanagan is Hollister's principal. *Id.* Because Plaintiff has not responded to the Orders to Show Cause, or specifically plead the citizenship of each member of Hollister, or otherwise explained how Hollister is a diverse defendant, Plaintiff also has failed to establish diversity of citizenship as between Plaintiff and Hollister.

to jurisdiction under § 1331.

### III.     RECOMMENDATION

For the foregoing reasons, the Undersigned respectfully recommends that this matter be **dismissed** for lack of subject matter jurisdiction.   The parties have fourteen days to file and serve any objections to this Report and Recommendation.   L. Civ. R. 72.1(c)(2).

*/s Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

Dated:  April 28, 2022